**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL L. GUIDRY,                                        No. C-05-3960 EMC

        Plaintiff,

        v.                                        **FINAL JURY INSTRUCTIONS**

MARINE ENGINEERS' BENEFICIAL                          **(August 29, 2007)**
ASSOCIATION,

        Defendant.

_____/

## JURY INSTRUCTION NO. 1 -- DUTY OF JURY

Ladies and gentlemen:  It is my duty to instruct you on the law.

You will be allowed to keep this set to which to refer.  This set of instructions is not to be taken home and must remain in the jury room.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

## JURY INSTRUCTION NO. 2 -- CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The defendant Marine Engineers Beneficial Association (MEBA) is a labor union that represents licensed engineers working aboard seagoing vessels.  The plaintiff (Mr. Guidry) is a member of the union.  The plaintiff claims that the defendant (MEBA) retaliated against him for previously suing the union by:

1.      harassing him;

2.      causing one of his employers (MTL/Crowley) to harass him;

3.      causing one of his prospective employers (ASM) not to hire him;

4.      causing another employer (MTL/Crowley) to fire him; and

5.      failing to investigate his grievances.

The defendant denies these allegations and claims that it had no role in any of the actions that plaintiff claims were retaliatory.  The defendant contends that it acted properly in these circumstances and that it did not retaliate against plaintiff.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 3 -- BURDEN OF PROOF -- PREPONDERANCE**

**OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4 -- CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 5 -- WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 6 -- WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 7 -- EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 8 -- DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 9 -- RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10 -- CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11 -- CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  You may discuss evidence during trial only with your fellow jurors and only when all jurors are present in the jury room.  Even though you may discuss the case under the conditions I have described, do not form final opinions about any fact or about the outcome of the case until you have heard and considered all of the evidence, the closing arguments, and the rest of the instructions I will give you on the law.  Both sides have the right to have the case fully presented and argued before you decide any of the issues in the case.  Keep an open mind during the trial.  Form your final opinions only after you have had an opportunity to discuss the case with each other in the jury room at the end of the trial.

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me.

Fifth, do not make up your mind about what the verdict should be until all the evidence is in, until you have heard my complete and final instructions on the law, and the final arguments of counsel.  Keep an open mind until you start your deliberations at the end of the case.

1    **JURY INSTRUCTION NO. 12 -- NO TRANSCRIPT AVAILABLE TO THE JURY**

2        During deliberations, you will have to make your decision based on what you recall of the

3    evidence.  You will not have a transcript of the trial. I urge you to pay close attention to the

4    testimony as it is given.

5        If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me

6    know so that I can correct the problem.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 13 -- TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court

For the Northern District of California

13

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 14 -- BENCH CONFERENCES AND RECESSES**

2      From time to time during the trial, it may become necessary for me to talk with the attorneys

3  out of the hearing of the jury, either by having a conference at the bench when the jury is present in

4  the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.

5  The purpose of these conferences is not to keep relevant information from you, but to decide how

6  certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

7      Of course, we will do what we can to keep the number and length of these conferences to a

8  minimum.  I may not always grant an attorney's request for a conference.  Do not consider my

9  granting or denying a request for a conference as any indication of my opinion of the case or of what

10  your verdict should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 15 -- OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff (Mr. Guidry) will then present evidence, and counsel for the defendant may cross-examine. Then the defendant (MEBA) may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 16 -- DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**United States District Court**
For the Northern District of California

16

**JURY INSTRUCTION NO. 17 -- USE OF INTERROGATORIES OF A PARTY**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 18  -- SETTLEMENT**

You have heard evidence that the defendant (MEBA) settled a prior lawsuit filed by the plaintiff (Mr. Guidry) against it.  You are not to interpret that settlement as evidence that the defendant was guilty of wrongdoing in that prior lawsuit.

**JURY INSTRUCTION NO. 19 -- DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 20 -- COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

20

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 21 -- RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 22 -- RETALIATION -- ELEMENTS AND BURDEN OF PROOF**

The plaintiff (Mr. Guidry) contends the defendant (MEBA) retaliated against him for engaging in protected activity. In this case, the plaintiff contends that the defendant retaliated against him by:

1.     harassing him;

2.     causing MTL/Crowley to harass him;

3.     causing ASM not to hire him;

4.     causing MTL/Crowley to fire him; and

5.     failing to investigate his grievances.

**Retaliation -- Harassment and Failure to Investigate Grievances**

For the claims that the defendant (MEBA) retaliated by harassing the plaintiff and by failing to investigate his grievances (items 1 and 5 above), the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence.

1.     the plaintiff engaged in or was engaging in an activity protected under federal law, that is, suing the defendant for discrimination;

2.     the defendant subjected the plaintiff to an adverse action;

3.     the plaintiff was subjected to the adverse action because of his participation in the protected activity.

An action is an adverse action if a reasonable union member would have found the action materially adverse, which means it might have dissuaded a reasonable union member from suing the defendant.

**Retaliation -- Causing MTL/Crowley to Harass and/or Terminate**

For the claims that the defendant (MEBA) retaliated by causing MTL/Crowley to harass and/or terminate him (items 2 and 4 above), the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence.

1.     the plaintiff engaged in or was engaging in an activity protected under federal law, that is, suing the defendant for discrimination;

2.     the defendant caused the plaintiff to be subjected to an adverse employment action by MTL/Crowley;

3.      the defendant caused the plaintiff to be subjected to the adverse employment action by

MTL/Crowley because of his participation in the protected activity against the defendant

(MEBA);

An action is an adverse employment action if a reasonable union member would have found the

action materially adverse, which means it might have dissuaded a reasonable union member from

suing the defendant.

### Retaliation -- Causing ASM Not to Hire

For the claims that the defendant (MEBA) retaliated by causing ASM not to hire him (item 3

above), the plaintiff has the burden of proving each of the following elements by a preponderance of

the evidence.

1.      the plaintiff engaged in or was engaging in an activity protected under federal law, that is,

suing the defendant for discrimination;

2.      the defendant caused to the plaintiff to be subjected to an adverse employment action by

ASM;

3.      the defendant caused the plaintiff be subjected to the adverse employment action by ASM

because of his participation in the protected activity against the defendant (MEBA);

An action is an adverse employment action if a reasonable union member would have found the

action materially adverse, which means it might have dissuaded a reasonable union member from

suing the defendant.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 23 -- LIABILITY OF UNION**

A union such as the defendant (MEBA) may be held liable for the acts of its agents when the agent wields the union's authority -- either actually or apparently -- to perform or cause the retaliatory act.

An agent represents a union in dealings with third parties (*i.e.*, others).  An agent acts with actual authority when the union has given the agent authority expressly (either orally or by writing) or impliedly (by conduct of the union causing the agent to reasonably believe that he possesses such authority).

An agent acts with apparent authority when the union's conduct causes a third party to reasonably believe that the agent possesses such authority.

**JURY INSTRUCTION NO. 24 -- DAMAGES -- PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff (Mr. Guidry), you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant (MEBA).  You should consider the following:

1.    The reasonable value of wages lost; and

2.    The emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Plaintiff stipulates that compensatory damages for any retaliatory failure to investigate his grievances do  not extend beyond August 18, 2005.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 25 -- BACK PAY**

Back pay consists of the wages the plaintiff (Mr. Guidry) would have earned through the time of trial if he had not been subject to unlawful retaliation by the defendant (MEBA).

Back pay may not be awarded beyond the date the plaintiff's employer (MTL/Crowley) and/or prospective employer (ASM) would have terminated the plaintiff's employment on that date regardless of any unlawful retaliation.

**JURY INSTRUCTION NO. 26 -- DAMAGES -- MITIGATION**

The plaintiff (Mr. Guidry) has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant (MEBA) has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 27 -- PUNITIVE DAMAGES**

Punitive damages may be awarded under federal law and under state law.  Under federal law, the plaintiff (Mr. Guidry) has the burden of proving punitive damages by a preponderance of the evidence, whereas, under state law, the plaintiff has the burden of proving punitive damages by clear and convincing evidence.

**Punitive Damages Under Federal Law**

If you find for the plaintiff, you may, but are not required to, award punitive damages under Federal Law.  The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

You may award punitive damages against the defendant for its agent's conduct only if:

1. The defendant authorized the doing and the manner of the act of the agent; or

2. The agent was unfit and the defendant was reckless in employing him; or

3. The defendant ratified or approved the act of the agent; or

4. The agent was employed in a managerial capacity and was acting in the scope of employment.

In determining whether an agent was employed in a managerial capacity (see 4 above), you should consider the type of authority that the defendant has given to the person and the amount of discretion

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    that the person has in what is done and how it is accomplished.  Even if the agent was employed in a

2    managerial capacity and was acting in the scope of employment, you should not award punitive

3    damages if the defendant proves by a preponderance of the evidence that agent's act was contrary to

4    the defendant's good-faith efforts to comply with the law.

5          If you find that punitive damages are appropriate, you must use reason in setting the amount.

6    Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not

7    reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may

8    consider the degree of reprehensibility of the defendant's conduct and the relationship of any award

9    of punitive damages to any actual harm inflicted on the plaintiff.

10                              **Punitive Damages Under State Law**

11         If you decide that the conduct by an agent of the defendant caused the plaintiff harm, you

12   must decide whether that conduct justifies an award of punitive damages against the defendant for

13   the agent's conduct under State Law.  The purposes of punitive damages are to punish a wrongdoer

14   for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

15         You may award punitive damages against the defendant for the agent's conduct only if the

16   plaintiff proves by clear and convincing evidence that the agent engaged in that conduct with malice

17   or oppression.

18         "Malice" means that the agent acted with intent to cause injury, or that the agent's conduct

19   was despicable and was done with a willful and knowing disregard of the rights or safety of another.

20   A person acts with knowing disregard when he or she is aware of the probable dangerous

21   consequences of his or her conduct and deliberately fails to avoid those consequences.

22         "Oppression" means that the agent's conduct was despicable and subjected the plaintiff to

23   cruel and unjust hardship in knowing disregard of his rights.

24         "Despicable conduct"  is conduct that is so vile, base, or contemptible that it would be looked

25   down on and despised by reasonable people.

26         The plaintiff must also prove one of the following by clear and convincing evidence:

27   1.    That the agent was an officer, a director, or a managing agent of the defendant, who was

28         acting on behalf of the defendant; or

29

United States District Court

For the Northern District of California

2.      That an officer, a director, or a managing agent of the defendant had advance knowledge of the unfitness of the agent and employed him with a knowing disregard of the rights or safety of others; or

3.      That an officer, a director, or a managing agent of the defendant authorized the agent's conduct; or

4.      That an officer, a director, or a managing agent of the defendant knew of the agent's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her union decision making such that his or her decisions ultimately determine union policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was the defendant's conduct?  In deciding how reprehensible the defendant's conduct was, you may consider, among other factors:

1.      Whether the conduct caused physical harm;

2.      Whether the defendant disregarded the health or safety of others;

3.      Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of him;

4.      Whether the defendant's conduct involved a pattern or practice; and

5.      Whether the defendant acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm or between the amount of punitive damages and potential harm that the defendant knew was likely to occur because of its conduct?

(c)     In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because the defendant has substantial financial resources.  Any award you impose may not exceed the defendant's ability to pay.

**JURY INSTRUCTION NO. 28 -- NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 29 -- VERDICT FORM -- NO SIGNIFICANCE**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

United States District Court

For the Northern District of California